IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| | ) CIVIL ACTION NO. |
| Plaintiff, | ) ) C O M P L A I N T |
| | ) ) ) |
| v. | ) ) ) |
| CENTURY PARK ASSOCIATES, LLC, d/b/a GARDEN PLAZA AT GREENBRIAR COVE. | ) ) ) |
| Defendant. | ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Linda Shriver-Buckner and Jonathan Tafur. As alleged with greater particularity in paragraphs 11(a)-(p) below, Defendant Century Park Associates, LLC, d/b/a Garden Plaza of Greenbriar Cove, refused to provide a religious accommodation to Linda Shriver-Buckner and Jonathan Tafur, members of the Seventh-Day Adventist Church. Defendant demanded that Shriver-Buckner and Tafur agree to work on their Sabbath. When they refused due to their religious beliefs, Defendant asked them to resign at the company's request. Shriver-Buckner and Tafur resigned. Later, Shriver-Buckner and Tafur requested reinstatement to work and religious accommodations. The owner, however, denied their requests.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Tennessee.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Century Park Associates, LLC d/b/a Garden Plaza at Greenbriar Cove ("Defendant Employer"), a Tennessee corporation, has continuously been doing business in the State of Tennessee and the City of Ooltewah, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Linda Shriver-Buckner ("Shriver-Buckner") and Jonathan Tafur ("Tafur") filed charges of discrimination with the Commission alleging violations of Title VII by Defendant Employer.

7. On May 19, 2017, the Commission issued to Defendant Employer Letters of Determination finding reasonable cause to believe Defendant Employer violated Title VII and invited Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and to provide appropriate relief.

8. On July 12, 2017, the Commission issued to Defendant Employer a Notice of Failure of Conciliation advising Defendant Employer that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

10. Since at least January 12, 2015, Defendant Employer has engaged in unlawful employment practices at its retirement community in Ooltewah, Tennessee, in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2(a)(1).

11. These unlawful practices include Defendant Employer's failure to provide religious accommodations to Shriver-Buckner and Tafur to allow them to observe the Sabbath in accordance with their religious beliefs and demanding that they resign their employment after they refused to agree to work on their Sabbath.

(a) Defendant Employer operates an assisted and an independent senior living community in Ooltewah, Tennessee.

(b) Defendant hired Shriver-Buckner around May 2014 to work as a community

relations representative for Defendant Employer at its retirement community in Ooltewah.

(c)  Around October 2011, Defendant Employer hired Tafur as a server at its retirement community in Ooltewah.  Approximately three months after his hire, Tafur transferred to the sales department as a sales associate.

(d) Shriver-Buckner and Tafur are members of the Seventh-Day Adventist Church.  They believe their religion requires them to observe the Sabbath from sundown Friday to sundown Saturday.

(e)  After hiring Shriver-Buckner and Tafur, Defendant Employer allowed them to observe their religious beliefs.

(f)  Defendant Employer did not require Shriver-Buckner and Tafur to work on Saturdays, but allowed them to work other days.  Defendant Employer knowingly allowed their work schedules as religious accommodations.

(g)  On or about January 12, 2015, Defendant Employer required Shriver-Buckner and Tafur to agree to work on Saturdays as part of their regular work schedule.

(h)  Shriver-Buckner and Tafur refused, stating that they could not because of their religious beliefs, Seventh-Day Adventist.  Defendant Employer asked them to think about it and return to work the next day.

(i)  On or about January 13, 2015, Defendant Employer again required that Shriver-Buckner and Tafur agree to work on Saturday as part of their regular work schedule.

(j)  Other employees offered to work on Saturdays so that Shriver-Buckner and Tafur could observe the Sabbath.  Shriver-Buckner and Tafur offered to work on Sundays and any other time except for the Sabbath.

(k)  Defendant Employer refused to grant Shriver-Buckner and Tafur a religious

accommodation.

(l) Instead, Defendant Employer asked Shriver-Buckner and Tafur to resign.

(m) On or about January 14, 2015, Shriver-Buckner and Tafur resigned at the request of Defendant Employer.

(n) On or about January 15, 2015, Shriver-Buckner and Tafur rescinded their resignations and asked for religious accommodations under Title VII of the Civil Rights Act of 1964.

(o) Defendant Employer's owner contacted Shriver-Buckner and Tafur and made hostile comments about their religious beliefs. The owner never offered any accommodation.

(p) Shriver-Buckner and Tafur asked a member of their church to contact Defendant's owner as their representative. A member of the Seventh-Day Adventist Church did contact the owner, but Defendant's owner continued to make hostile comments and refused to consider any religious accommodations for Shriver-Buckner and Tafur.

12. The effect of the practices complained of in paragraphs 11(a)-(p) above has been to deprive Linda Shriver-Buckner and Jonathan Tafur of equal employment opportunities and otherwise adversely affect their status as employees because of their religion.

13. The unlawful employment practices complained of in paragraphs 11(a)-(p) above were intentional.

14. The unlawful employment practices complained of in paragraphs 11(a)-(p) above were done with malice or with reckless indifference to the federally protected rights of Linda Shriver-Buckner and Jonathan Tafur.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, Century Park Associates, LLC d/b/a Garden Plaza at Greenbriar Cove, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying reasonable accommodations on account of religion under Title VII of the Civil Rights Act of 1964.

B. Order Defendant Employer, Century Park Associates, LLC, d/b/a Garden Plaza at Greenbriar Cove, to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons who may need reasonable accommodations on account of religion and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer, Century Park Associates, LLC, d/b/a Garden Plaza at Greenbriar Cove, to make whole Linda Shriver-Buckner and Jonathan Tafur by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to interest, in amounts to be determined at trial.

D. Order Defendant Employer, Century Park Associates, LLC, d/b/a Garden Plaza at Greenbriar Cove, to make whole Linda Shriver-Buckner and Jonathan Tafur by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11(a)-(p) above, including relocation expenses and job search expenses, in amounts to be determined at trial.

E. Order Defendant Employer, Century Park Associates, LLC, d/b/a Garden Plaza at Greenbriar Cove, to make whole Linda Shriver-Buckner and Jonathan Tafur by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices

complained of in paragraphs 11(a)-(p) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer, Century Park Associates, LLC, d/b/a Garden Plaza at Greenbriar Cove, to pay Linda Shriver-Buckner and Jonathan Tafur punitive damages for its malicious and reckless conduct, as described in paragraphs 11(a)-(p) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

s/Faye A. Williams
**FAYE A. WILLIAMS**
Regional Attorney
TN Bar No. 11730

s/Gerald L. Thornton, Sr.
**GERALD L. THORNTON, SR.**
Supervisory Trial Attorney
TN Bar No. 015898

s/Camille Monahan
**CAMILLE MONAHAN**
Trial Attorney
WI Bar No. 1056755

**EQUAL EMPLOYMENT
OPPORTUNITY
COMMISSION**

1407 Union Ave., Suite 900
Memphis, TN 38104
(901) 544-0140


s/Mark Chen
**MARK CHEN**
Trial Attorney
TN Bar No. 14268

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
220 Athens Way, Suite 350
Nashville, TN 37228
(615) 736-5784